PATRICK W. SHEA
PAUL HASTINGS LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| BARI ZAHN<br><br>                        Plaintiff,<br><br>    - against -<br><br>KAYE SCHOLER LLP,<br><br>                        Defendant. | No. 15 Civ. _____<br><br>Removed from the Supreme Court of the State of New York, County of New York<br>(Index No. 152625/2015) |

## NOTICE OF REMOVAL

      PLEASE TAKE NOTICE THAT Defendant Kaye Scholer LLP, through its undersigned counsel, hereby removes this civil action from the Supreme Court of the State of New York, County of New York, where it is now pending, to the United States District Court for the Southern District of New York, on the ground of federal question and supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  Defendant respectfully asserts the following in support of removal and, in doing so, expressly reserves all questions other than that of removal for the purpose of further pleadings.

      1.      On March 17, 2015, Plaintiff Bari Zahn commenced the action entitled *Bari Zahn v. Kaye Scholer LLP*, Index No. 152625/2015, in the Supreme Court of the State of New York, County of New York (the "State Court Action").  A true and correct copy of Plaintiff's

1

Summons and Complaint with accompanying exhibits (collectively, the "Complaint") is attached hereto as Exhibits 1 through 1-S.

2. On March 18, 2015, Plaintiff served a copy of the Complaint upon the Secretary of State pursuant to New York Partnership Law § 121-1505. A true and correct copy of the affidavit of service is attached hereto as Exhibit 2.

3. No further proceedings have taken place in this matter in the State Court Action.

4. The Complaint alleges twenty-five counts against Defendant. Counts I, IV, VII, X and XIII allege unlawful discrimination, wrongful termination, unlawful retaliation, hostile work environment, and failure to investigate Plaintiff's complaint of discrimination in violation of Title VII of the federal Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Counts II, V, VIII, XI and XIV allege these same causes of action in violation of New York Executive Law § 290 *et seq.* ("New York State Human Rights Law"). Counts III, VI, IX, XII and XV allege these same causes of action in violation of New York City Administrative Code § 8-101 *et seq.* ("New York City Human Rights Law"). Counts XVI and XVIII allege unequal pay on the basis of sex and unlawful retaliation in violation of the federal Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq.* ("Equal Pay Act"). Counts XVII and XIX allege the same causes of action in violation of New York Labor Law § 194 ("New York Equal Pay Law"). Counts XX and XXI allege common law claims of negligence under the doctrine of *respondeat superior* and negligent supervision and training for Defendant's purported breach of the duty to prevent or otherwise adequately correct acts of discrimination, wrongful termination, hostile work environment, unequal pay and retaliation. Finally, Counts XXII, XXIII, XXIV and XXV allege common law claims for breach of contract, tortious interference with business relations, fraudulent inducement and unjust enrichment.

## JURISDICTION

5. This Court has original jurisdiction over Counts I, IV, VII, X and XIII, under 28 U.S.C. § 1331, which allege claims under Title VII.

6. This Court also has original jurisdiction over Counts XVI and XVIII, under 28 U.S.C. § 1331, which allege claims under the Equal Pay Act.

7. This Court has supplemental jurisdiction over Counts II, III, V, VI, VIII, IX, XI, XII, XIV, XV, XVII, XIX, XX, XXI, XXII, XXIII, XXIV and XXV because they arise from the same common nucleus of operative facts and form part of the same case or controversy as Counts I, IV, VII, X, XIII, XVI and XVIII, which allege claims under Title VII and the Equal Pay Act. *See* 28 U.S.C. § 1367(a).

8. Because this Court has original and supplemental federal jurisdiction over the claims in this action, the action is properly removable to this Court.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

9. This Notice of Removal is timely filed within thirty (30) days of March 18, 2015, the date Plaintiff served a copy of the Complaint upon the Secretary of State on behalf of Defendant. *See* 28 U.S.C. § 1446(b).

10. Under 28 U.S.C. § 1441(a), Defendant is entitled to remove this case to this Court, which embraces the place where the action is currently pending.

11. As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant shall give written notice of the removal to Plaintiff, and will file a copy of this Notice of Removal with the Clerk of the New York Supreme Court. A copy of this Notice of Filing the Notice of Removal, without exhibits, is attached hereto as Exhibit 3.

12. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and, if appropriate, to present live testimony and oral argument in support of its positions.

WHEREFORE, Defendant respectfully removes this action from the Supreme Court of the State of New York, County of New York to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

Dated: New York, New York
April 15, 2015

Respectfully submitted,

By: _____
Patrick W. Shea
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Counsel for Defendant*
KAYE SCHOLER LLP